**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| LEEANNA JOHNSON | : | CASE NO.: _____ |
| Plaintiff, | : | |
| | : | JUDGE: |
| v. | : | |
| | : | |
| CONSOLIDATED RESOURCES HEALTH , CARE FUND II – MAYFAIR NURSING CARE CENTER, L.P. d/b/a MAYFAIR VILLAGE NURSING CARE CENTER | : | **JURY DEMANDED** |
| | : | |
| Defendant. | : | |

**COMPLAINT**

**I.     INTRODUCTION**

1.     Plaintiff Leeanna Johnson ("Plaintiff Johnson") brings this action against Consolidated Resources Health Care Fund II – Mayfair Nursing Care Center, L.P. *dba* Mayfair Village Nursing Care Center ("Defendant") to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to Sections 203, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiff seeks all available relief under the Ohio Minimum Fair Wage Standards Act. O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts").

2.     The following allegations are based on personal knowledge as to Plaintiff's own conduct and reflect Defendants' failure to accurately calculate Plaintiff's overtime in multiplying one- and one-half times her regular hourly rate of pay rather than multiplying an hourly rate that included pay differentials and was determined by dividing the total amount earned by the total hours worked. Defendant has additionally violated the FLSA and the Ohio Acts by failing to pay Plaintiff overtime for all of her hours worked in excess of forty (40) in a workweek. Accordingly,

Plaintiff brings this action to recover unpaid overtime wages and related damages. Further, Defendant has also failed to provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request, in violation of O.R.C. § 4111.14(G).

## II.     JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

4. This Court has supplemental jurisdiction over Plaintiff's Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same controversy.

5. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Franklin County, Ohio and Defendant's place of business resides in this district.

## III.    THE PARTIES

6. Plaintiff Leeanna Johnson is an adult resident of Columbus, Ohio residing at 2215 County Corner Drive, Apartment G, Columbus, Ohio 43220 (Franklin County) and a current Staffing Coordinator and State Tested Nurses Aide (STNA) employed by Defendant.

7. Defendant Consolidated Resources Health Care Fund II – Mayfair Nursing Care Center, L.P. *dba* Mayfair Village Nursing Care Center ("Defendant") is a Foreign Limited Partnership registered in the State of Georgia. Process may be served upon its registered agent, Corporation Service Company at 50 West Broad Street, Suite 1330, Columbus, Ohio 43125.

## IV.    STATEMENT OF FACTS

8. During all times material to this Complaint, Defendant acted directly or indirectly in the interest of an employer with respect to the Plaintiff.

9. During all times material to this Complaint, Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

10. During all times material to this Complaint, Defendant operated an enterprise engaged in the production of goods for commerce within the meaning of Section 203(s)(1)(B) of the FLSA in that said enterprise is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution (regardless of whether or not such hospital or institution is public or private or operated for profit or not for profit).

11. During all times material to this Complaint, Plaintiff has been Defendant's employee pursuant to the Ohio Constitution and the Ohio Acts and has been an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. During all times material to this Complaint, Plaintiff was not compensated on a salary or fee basis but, rather, was compensated at an hourly basis of at a pay rate of $16.00 per hour.

13. During all times material to this Complaint, Plaintiff's primary job duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

14. Rather, Plaintiff's primary job duties were subject to the control and direction of Defendant, especially with respect to matters of significance.

15. While Plaintiff occasionally worked as an STNA for Defendant, Plaintiff's job duties were not those which required advanced knowledge, nor were her job duties predominantly intellectual in character which were in a field of science or learning.

16. In fact, more than ninety percent (90%) of Plaintiff's primary duties were either administrative in nature or duties which are customarily performed by an STNA which is not work requiring advanced knowledge and which does not require the consistent exercise of discretion and judgment.

17. On or around approximately May 1, 2021, Defendant hired Plaintiff to work as a Staffing Coordinator and, when needed, as an STNA at its primary facility located at 3000 Bethel Road, Columbus, Ohio 43220 ("Mayfair Village").

18. Defendant is a Foreign Limited Partnership formed for the express purpose (per its articles of organization) to "[o]wn, operate[e] and/or mana[ge] … health care faciliti[es]."

19. As a Staffing Coordinator employed by Defendant, Plaintiff's primary job duties were to prepare all daily, weekly, and monthly work schedules for the nursing staff in accordance with all applicable laws, regulations, and Life Care standards.

20. As an STNA, a position which Defendant also employed Plaintiff as, Plaintiff's primary job duties were monitor patients, assist in changing patients' bedding, assisting patients in ambulation, assisting patients with their meals (including feeding them, if necessary),

monitoring patients vitals, bathing and grooming patients, and assisting doctors and registered nurses to set up for medical procedures or evaluations when necessary.

21. While employed as a Staffing Coordinator by Defendant, Plaintiff was compensated at an hourly rate of $16.00 per hour.

22. While employed by Defendant in the above-mentioned roles, Plaintiff did not have a set schedule and was required to work at least eight (8) hours per day and five (5) days per workweek. Resultingly, Plaintiff regularly worked forty (40) hours per workweek on the clock.

23. Yet, Plaintiff was not at an appropriate overtime rate (or at any overtime rate, for that matter) for hours spent performing work as a Staffing Coordinator beyond forty (40) in a workweek.

24. While employed by Defendant and acting in her employed role of Staffing Coordinator, the amount of work assigned by Defendant required Plaintiff to take her scheduling book home with her every workday so that she could continue to schedule the nurses' daily, weekly, and monthly work schedules in accordance with all applicable laws, regulations, and Life Care standards.

25. Defendant provided no way for Plaintiff to clock-in for the time she spent performing the work mentioned in paragraph 23 at home. As a result, Plaintiff was uncompensated for these additional hours spent working for Defendant at home.

26. These additional hours Plaintiff spent performing work at her home for Defendant's benefit and profit resulted in (1) Plaintiff not being paid for her hours spent working beyond forty (40) hours in a workweek and, consequently, (2) Plaintiff not being paid at time-and-a-half for all her hours spent working beyond forty (40) in a workweek while employed by Defendant.

27. Plaintiff brought the issue of her lack-of-compensation for time spent performing work at home to Defendant's attention, yet Defendant made no effort to pay Plaintiff for this uncompensated time or to change the policy of not paying Plaintiff for time spent performing work at her own home.

28. Further, while at home, Plaintiff would often receive calls from the nurses (for whom she set work schedules) about the adjustment of schedules and other planning matters. Plaintiff was not compensated for these work calls performed at home, which resulted in Plaintiff not being paid at time-and-a-half for all hours spent working beyond forty (40) in a workweek while employed by Defendant.

29. Plaintiff would often fill in as an STNA when Defendant required her to.

30. While working as an STNA, Defendant would pay Plaintiff at an overtime rate for her hours worked beyond forty (40) in a workweek, something Defendant failed to do while Defendant employed Plaintiff as a Staffing Coordinator.

31. Thus, if Plaintiff was to work a shift as an STNA other than her originally assigned shift (as a Staffing Coordinator)—or vice versa—Plaintiff received non-discretionary shift differential pay for her regular hours worked.

32. However, Defendant failed to incorporate the various non-discretionary shift differential pay rates into the determination of Plaintiff's regular rate for purposes of calculating her overtime rate for all hours worked in excess of forty (40) in a given workweek.

33. As a result of this failure to incorporate the various non-discretionary shift differential pay rates into the determination of Plaintiff's regular rate for purposes of calculating her overtime rate for all hours worked in excess of forty (40) in a given workweek, Plaintiff was deprived of duly earned overtime pay at the proper overtime rate.

34. Indeed, Defendant would only pay Plaintiff at one-and-one-half times her base hourly rate for hours worked in excess of forty (40) in a workweek when Plaintiff was employed as an STNA, thus failing to incorporate the enhancing effects the non-discretionary shift differential pay rates have on Plaintiff's regular rate for purposes of calculating her overtime pay and failing to compensate Plaintiff at the appropriate overtime rate for all her hours worked in excess of forty (40) in a workweek when Plaintiff was employed as a Staffing Coordinator.

35. In response to a Freedom of Information Act ("FOIA") Request sent by Plaintiff's counsel on November 12, 2021, requesting investigative files from the Division of Industrial Compliance regarding unpaid wage claims against Defendant and any and all documents related to the special certification applied for or issued to Defendant for authorization to pay wages lower than the wage rates applicable under sections of Ohio Sunshine Law 2018, Ohio Public Records Act, and the O.R.C., Plaintiff learned that Defendant had two (2) prior FLSA violations resulting in payment penalties—one in February of 2002 and one in April of 2002.

36. Additionally, on or about November 12, 2021, Plaintiff, through her attorney, sent her respective records request pursuant to O.R.C. § 4111.14(G), to which no reply containing employment records was ever received.

37. As both a Staffing Coordinator and STNA, Plaintiff was an hourly, non-exempt employee of Defendant.

38. Defendant jointly, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff in this action.

39. The unpaid hours worked in excess of forty (40) in a workweek that should have been paid at one-and-one-half times her regular rate performed by Plaintiff directly benefitted

Defendant by reducing the cost of labor for Defendant who willfully withheld compensation for that work from her.

40. Plaintiff was furthering the business purposes of Defendant's enterprise when she performed her job duties and when she performed the tasks that were integral and indispensable to her principal work activities.

41. Plaintiff was not paid on a salary basis and did not receive at least $684.00 per week for all weeks she worked.

42. Plaintiff was Defendant's "non-exempt" employee under the FLSA, the Ohio Constitution and the Ohio Wage Act.

43. Plaintiff was not in a job classification and did not perform job duties which were exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay for all hours worked and/or overtime.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered a loss of income and federal and Ohio wage violations.

45. The FLSA and Ohio Wage Act requires Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

46. Defendant's violations of the FLSA and the Ohio Wage Acts are willful because Defendant did not have a good faith basis for the way it paid Plaintiff.

**V.     CAUSES OF ACTION**

**COUNT I**
**FAIR LABOR STANDARDS ACT ("FLSA")**
**FAILURE TO PAY OVERTIME WAGES**

Case: 2:22-cv-00354-MHW-CMV Doc #: 1 Filed: 01/31/22 Page: 9 of 14  PAGEID #: 9

47. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

48. During all times material to this Complaint, Defendant was and is Plaintiff's employer within the meaning of 29 U.S.C. § 203(d).

49. During all times material to this Complaint, Plaintiff was employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

50. During all times material to this Complaint, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

51. During all times material to this Complaint, Plaintiff has not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

52. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

53. Plaintiff should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three (3) years from the filing date of the Complaint.

54. At all times material to this Complaint, Defendant employed Plaintiff to work as a Staffing Coordinator and STNA in furtherance of its business of owning, operating, and managing a healthcare facility out of its primary facility located at 3000 Bethel Road, Columbus, Ohio 43220 ("Mayfair Village").

55. At all times material to this Complaint, Defendant regularly employed Plaintiff to work more than forty (40) hours in a workweek.

56. At all times material to this Complaint, Plaintiff did not receive one-and-one-half times her regular rate for any hours she worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

57. At all times material to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff the legally mandated overtime premium rate at no less than one-and-one-half times Plaintiff's regular pay rate for all hours worked in excess of forty (40) in a workweek.

58. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

59. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

## COUNT II
## OHIO WAGE ACT
## FAILURE TO PAY OVERTIME WAGES

60. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

61. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

62. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

63. During all times material to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and has been thus required to comply with its mandates.

64. During all times material to this Complaint, Plaintiff was a covered "employee" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

65. During all times material to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at a rate not less than one-and-one-half times her regular rate.

66. Indeed, during all times material to this Complaint, Plaintiff did not receive compensation at one-and-one-half times her regular rate for all hours she worked in excess of forty (40) in a workweek.

67. During all times material to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Plaintiff the legally mandated overtime premium at a rate no less than one-and-one-half times Plaintiff's regular pay rate for all hours worked in excess of forty (40) in a workweek.

68. Plaintiff is not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff was not exempt from receiving overtime because she was not an "executive," "administrative," "professional," "outside sales," or "computer" employee, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0 *et seq.*

69. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

70. Plaintiff is entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which Plaintiff has suffered and continues to suffer damages.

### COUNT III
### OHIO PROMPT PAY ACT
### FAILURE TO PROMPTLY PAY WAGES

71. Plaintiff re-alleges, and incorporates by references, the allegations set forth in the preceding paragraphs.

72. At all times material to this Complaint, Defendant was Plaintiff's "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

73. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

74. At all times material to this Complaint, Defendant has refused to pay Plaintiff all owed overtime wages at one and one-half (1 ½) times her normal hourly rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

75. Plaintiff's wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

76. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

### COUNT IV
### VIOLATIONS OF O.R.C. § 4111.14(G)
### FAILURE TO PROVIDE RECORDS AS TO
### WAGES AND HOURS WORKED

77. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

78. O.R.C. § 4111.14(G) requires employers provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request.

79. On or about November 12, 2021, Plaintiff requested such records through her attorney.

80. Pursuant to the records request, a response to Plaintiff's request was due on or about December 12, 2021.

81. To date, the employer has not provided the records pursuant to the request under O.R.C. § 4111.14(G).

82. In violating O.R.C. § 4111.14(G) of the Ohio Wage Act, Defendant has acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A. Expectation and damages for all missed payments taken from or applied to Plaintiff's pay;

B. An order awarding Plaintiff back pay equal to the amount of all unpaid overtime and hourly pay for three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

      C.      Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff and deter future violations by Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

      D.      Awarding Plaintiff the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

      E.      An order against Defendant pursuant to O.R.C. § 4111.14 for failure to produce records upon request;

      F.      An order awarding attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

      G.      Any other relief to which the Plaintiff may be entitled.

Dated: January 31, 2022

Respectfully Submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

/s/*Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

      */s/ Robert E. DeRose*
      Robert E. DeRose