**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LEEANNA JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:22-cv-000354-MHW-CMV |
| vs. | : | |
| | : | |
| CONSOLIDATED RESOURCES, | : | |
| HEALTH CARE FUND II – MAYFAIR | : | Judge Michael H. Watson |
| NURSING CARE CENTER, L.P. d/b/a | : | |
| MAYFAIR VILLAGE NURSING | : | Magistrate Judge Chelsey M. Vascura |
| CARE CENTER | : | |
| | : | |
| Defendant. | : | |

**PARTIES' JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiff Leeanna Johnson ("Plaintiff" or "Ms. Johnson"), and Defendant Consolidated Resources Health Care Fund II – Mayfair Nursing Care Center, L.P. d/b/a Mayfair Village Nursing Care Center ("Defendant" or "Defendant Mayfair"), file this motion jointly requesting the Court to approve the settlement which was reached by the parties as set forth in the proposed Settlement Agreement. *See,* Settlement Agreement and General Release, attached as **Exhibit A** ("**Ex. A**."). A proposed order is attached to this motion as **Exhibit C**.

**I.      LEGAL CLAIMS AND LITIGATION RISKS**

**A.      Ms. Johnson's Legal Claims and Procedural History.**

Ms. Johnson filed a complaint against Defendant Mayfair on January 31, 2022, asserting violations of Sections 203, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b); the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*; the Ohio Prompt Pay Act ("OPPA"), O.R.C. §4113.15 (the Ohio Wage Act and OPPA will be referred to collectively as the "Ohio Acts"). *See,* Complaint (Doc. 1). The

FLSA and the Ohio Wage Act require that non-exempt employees are paid at least minimum wage for all hours worked, and at least one and one-half their regular rate for all hours worked in excess of forty (40) hours per workweek. *See,* 29 U.S.C. § 203(m); O.R.C. §§ 4111.02. The OPPA places time restrictions on when an employer must pay its employees earned wages. *See,* O.R.C. § 4113.15(A).

Defendant Mayfair is a Foreign Limited Partnership, registered in the State of Georgia, whose registered agent may be served at 2215 County Corner Drive, Apartment G, Franklin County, Columbus, Ohio, 43220. *See*, Complaint (Doc. 1) at ¶ 7. Ms. Johnson asserts that Defendant Mayfair failed to accurately calculate her overtime by multiplying her overtime hours by 1.5 times her hourly rate instead of 1.5 times her regular rate and that Defendant Mayfair failed to pay for all hours she worked in excess of 40 in a workweek. *See*, *Id*. at ¶ 2. Specifically, Ms. Johnson alleges that Defendant Mayfair failed to incorporate pay differentials in order to properly calculate the overtime rate owed to Ms. Johnson. *Id*.

**B.      Defendant Mayfair's Opposition to Ms. Johnson's Legal Claims.**

Defendant Mayfair vigorously opposes Ms. Johnson's legal claims and asserts that its pay practices complied with all applicable laws. *See generally,* Defendant's Answer (Doc. 5), *see also*, **Ex. A**. at ¶ 3. Specifically, Defendant Mayfair denies that it employed improper compensation calculations. *Id.* Moreover, Defendant Mayfair asserts that it compensated Ms. Johnson the lawful overtime rate for all overtime hours worked by Ms. Johnson. *Id*. PAGEID# 30, ¶ 7. Further, Defendant Mayfair asserts that *even if* it was found to have violated the law, its conduct was not willful and it acted in good faith, so liquidated damages would not be proper and only a 2-year (instead of 3-year) statute of limitations should apply. *Id.* at PAGEID# 30, ¶¶ 7,9.

Accordingly, absent settlement, Plaintiff faced substantial litigation risks.

## II.     TERMS OF THE PROPOSED SETTLEMENT

Although the parties discussed an early resolution of this matter, they agreed that some discovery was needed prior to conducting the mediation. Accordingly, Plaintiff's counsel served interrogatory and discovery requests on Defendant Mayfair seeking the payroll and timekeeping information needed to conduct a damages analysis, and Defendant Mayfair produced discovery responses and responsive documents.

After the exchange of Defendant Mayfair' and Plaintiff's competing damages analyses, Defendant Mayfair and Plaintiff engaged in a mediation with the assistance of court-appointed mediator, James A. King, Esq., and a compromise was finally reached on June 21, 2021, wherein Ms. Johnson and Defendant Mayfair agreed to settle the Ms. Johnson's claims for a gross sum of $10,000.00 inclusive of attorney's fees and costs. Defendant Mayfair and Plaintiff worked to finalize the terms and implementation of the proposed Settlement and they are now ready to jointly seek the Court's approval.

The Settlement establishes a Gross Settlement Amount paid by Defendant Mayfair in the amount of $10,000.00. *See,* **Ex. A.** at ¶ 1. If the Court approves the requested attorneys' fees/expenses, Ms. Johnson will receive $6,000.00 in unpaid gross wages which *includes* attorney's fees/costs.[1] *See, Id.* at ¶ 2(a). In addition, $4,000.00 will be paid to Plaintiff's counsel for attorney's fees ($3,598.00) and costs ($402.00). *See, Id.* at ¶ 2(a). *See*, Declaration of Robert E. DeRose, attached as **Exhibit B** ("**Ex. B.**") at ¶ 13.

In exchange for the above consideration, Plaintiff agrees to a general release of all claims that could reasonably have been asserted in the Complaint against Defendant Mayfair and their

---

[1] In evaluating a settlement's fairness, the relevant settlement amount *includes* funds set aside for attorney's fees and costs. *Estes v. Willis & Brock Foods, Inc.*, E.D.Ky. No. 6:18-cv-00197-GFVT, 2022 U.S. Dist. LEXIS 41317 (Mar. 7, 2022) at 10-11.

agents, successors, and assigns from her first date of employment up and until she signs the Agreement. *See,* **Ex. A.** at ¶ 4. Additionally, the parties have agreed to ask this Court to retain jurisdiction over any disputes pertaining to enforcement of the settlement. *See, Id.* at ¶ 17.

### III.  THE SETTLEMENT SHOULD BE APPROVED

FLSA settlement agreements generally require approval by a Court or the Department of Labor ("DOL"). *See,* 29 U.S.C. § 216; *Dewald v. Time Warner Cable*, 2021 U.S. Dist. LEXIS 32459, *7-8 (S.D. Ohio Feb. 16, 2021). However, the Sixth Circuit "has not definitely ruled on this issue", i.e., whether FLSA approval is necessary. *See, Macknight v. Healthcare*, 2021 U.S. Dist. LEXIS 227262, *2 (S.D. Ohio March 4, 2021) (citation omitted).

Notwithstanding, district courts regularly require approval of FLSA settlement and will approve such settlements where: (i) the settlement resolves a *bona fide* dispute under the FLSA; and (ii) the settlement is "fair, reasonable, and adequate." *Macknight*, 2021 U.S. Dist. LEXIS 227262, at *2. As discussed below, both of the above requirements are satisfied.

There is a "strong presumption" in favor of FLSA settlements. *Murton v. Measurecomp, LLC*, 2009 U.S. Dist. LEXIS 144222, at *21 (N.D. Ohio Aug. 10, 2009) (citation omitted). Importantly, as compared to a class action brought pursuant to Civil Rule 23, "[a] one-step settlement approval process in FLSA collective actions is appropriate." *Osman v. Grube, Inc.*, 2018 U.S. Dist. LEXIS 78222, *3-4 (N.D. Ohio May 4, 2018).[2] Moreover, unlike a Rule 23 class action, a fairness hearing is not required because the opt-in plaintiffs have already consented to be

---

[2] FLSA collective actions "do not implicate the same due process concerns as do Rule 23 actions."Id.at *4; *see also Burnham v. Papa John's Paducah, LLC*, 2020 U.S. Dist. LEXIS 75220, *3 (W.D. Ky. Apr. 29, 2020) ("[T]he Court's role in [approving a settlement of an FLSA collective action] is in many ways comparable to, but in others quite distinguishable from that of a court in a settlement of a class action brought pursuant to FED. R. CIV. P. 23, and derives from the special character of the substantive labor rights involved.") (citation omitted).

bound by any settlement or judgment in the case. *See, Dewald*, 2021 U.S. Dist. LEXIS 32459, at *6.

      **A.**    ***Bona Fide* Disputes Exist Over Ms. Johnson's Claims and Defendant Mayfair's Defenses.**

Courts find there is a *bona fide* dispute where the parties disagree over legal issues pertinent to the FLSA claims of the plaintiffs. *See, e.g. Foster v. Residential Programs*, 2021 U.S. Dist. LEXIS 30963, *8 (S.D. Ohio Feb. 18, 2021) (bona fide dispute where parties disagreed as to whether employees are entitled to overtime, whether the Defendant Mayfair' actions were willful, and whether the Defendant Mayfair acted in good faith); *Smith v. Tradeglobal*, 2020 U.S. Dist. LEXIS 179622, *4 (S.D. Ohio Sep. 29, 2020) (same).

Had this matter not been settled, there were multiple issues that the parties would have continued to litigate. Specifically, *bona fide* disputes exists as to: (1) whether Defendant Mayfair improperly calculated the rate of overtime pay and failed to pay Plaintiff for alleged off-the-clock hours worked; (2) whether liquidated damages should be awarded; and (3) whether a three-year limitations period should apply. *See,* Section I.B., *supra*. Defendant Mayfair explicitly continue to dispute the merits of Plaintiff's claims as part of the Settlement. *See,* **Ex. A.** at ¶ 3. Accordingly, this factor strongly favors approval.

      **B.**    **The Proposed Settlement Is Fair, Reasonable, and Adequate.**

In the Sixth Circuit, courts often analyze the fairness of an FLSA settlement using seven factors. They are: (1) the Risk of Fraud or Collusion; (2) the Complexity, Expense, and Likely Duration of Litigation; (3) the Amount of Discovery Engaged in by the Parties; (4) the Likelihood of Success on the Merits; (5) the Opinions of Class Counsel and Class Representative / Judgment

of Experienced Counsel;³ (6) the Reaction of Absent Class members; and (7) the Public Interest. *See, Neal v. Hallsons of Lebanon, Inc.*, 2022 U.S. Dist. LEXIS 42210, *6-9 (S.D. Ohio Feb. 28, 2022) (Barrett, J.); *see also, Smith*, 2020 U.S. Dist. LEXIS 179622, at *3-4.

As discussed below, all of these requirements are satisfied.

### 1. Risk of Collusion

The parties are represented by independently-selected, able, experienced, and reputable counsel. The Settlement was reached only after the production and review of payroll and timekeeping information and after Plaintiff and Defendant Mayfair both shared their own independent damages models. A settlement was obtained after arms-length negotiations between Plaintiff and Defendant Mayfair, and there is no evidence of fraud or collusion. "In the absence of evidence to the contrary, the court may presume that no fraud occurred and there was no collusion between counsel." *Foster*, 2021 U.S. Dist. LEXIS 30963, at *9; *In re Inter-Op Hi Prosthesis Liab. Litig.*, 204 F.R.D. 330, 351 (N.D. Ohio 2001) ("[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair.").

Thus, the first factor favors approval of the proposed Settlement.

### 2. Complexity, Expense, and Likely Duration of Litigation

Whether Defendant Mayfair improperly calculated overtime wages, among other issues noted in Section I.B., *supra*. More importantly, the settlement prevents the risk that if this case was tried, Plaintiff would fail to recovery any unpaid overtime pay. *See, Neal*, 2022 U.S. Dist.

---

³ Some courts have solely analyzed this factor based on the judgment of Plaintiff's counsel without reference to the class representative. *Honaker v. Wright Bros. Pizza*, 2021 U.S. Dist. LEXIS 220499, * 10 (S.D. Ohio April 5, 2021) (analyzing "judgment of experienced counsel."); *Swickheimer v. Best Courier, Inc.*, 2021 U.S. Dist. LEXIS 242757, (S.D. Ohio Dec. 21, 2021) (analyzing "the experience and views of counsel"); *Smith*, 2020 U.S. Dist. LEXIS 179622, at *3 (analyzing "the opinion of counsel.").

LEXIS 42210, at *7 ("the settlement eliminates the possibility that the [. . . ] drivers might receive nothing at trial. Indeed, if settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome.") (internal citation omitted).

As it has observed, wage-and-hour collective action cases are, "inherently complex and time-consuming." *Neal*, 2022 U.S. Dist. LEXIS 42210, at *6 (citation omitted).[4]

Accordingly, in view of the costs, risks, and delay of continued litigation balanced against the benefits of compromise, the Settlement is in the best interest of maximizing the benefit received in resolution of the instant claims.

### 3. Stage of Proceedings

Ms. Johnson and Defendant Mayfair engaged in discovery prior to settling, and the issues are well understood by both sides. Payroll and timekeeping information were provided by Defendant Mayfair, and this allowed Plaintiff's counsel to create their own damages analysis for Ms. Johnson's claims, and Plaintiff's counsel also reviewed a competing damages analysis shared by Defendant Mayfair.[5] The damages analysis performed by Plaintiff's counsel was time-consuming, and it served as the basis for negotiation and ultimately settling with Defendant Mayfair.

Accordingly, the "parties were fully informed as to the strengths and weaknesses of their respective positions," *Neal*, 2022 U.S. Dist. LEXIS 42210, at *7, and this settlement "resulted

---

[4] *See also Lewis v. Huntington Nat'l Bank*, 2013 U.S. Dist. LEXIS 205702, *11 (S.D. Ohio May 30, 2013) (recognizing that, absent settlement, wage and hour plaintiffs "would have had to show, through testimony and documentary evidence, the specific hours, times, and dates worked—a process requiring extensive and expensive additional discovery").

[5] Ms. Johnson also provided Plaintiff's counsel with information and documents concerning Plaintiff's allegations, and this information was critical to evaluating, bringing and resolving this action.

from arms-length negotiations between experienced counsel after substantial investigation." *Swickheimer v. Best Courier, Inc.*, 2021 U.S. Dist. LEXIS 242757, *5 (S.D. Ohio Dec. 21, 2021).

As such, this factor supports approval of the proposed Settlement.

### 4. Likelihood of Success on the Merits

As discussed above, Ms. Johnson's claims faced serious litigation risks absent settlement. *See*, Section I.B., *supra*. Defendant Mayfair denies improperly calculating overtime pay. *See, Id.* Thus, Ms. Johnson faced the risk of a factual finding and/or legal determination that she was not entitled to compensation for her claims of improper calculations of overtime compensation. Moreover, Ms. Johnson's claims faced additional risks, that would have required significant additional litigation had this case not settled, such as whether an award of liquidated damages is warranted and/or whether a two-year or three-year statute of limitations should apply to their claims. *See, Id.*

Given the risk that Ms. Johnson's claims might recover less at trial or even nothing, this factor favors approval. *See, Neal*, 2022 U.S. Dist. LEXIS 42210, at *7-8 (recognizing the plaintiffs "could have been awarded more or less than what they will receive under the terms of the settlement."); *Foster*, 2021 U.S. Dist. LEXIS 30963, at *11 (the settlement "affords Plaintiffs a certain recovery, as opposed to the uncertainty that trial would bring.").[6]

### 5. Judgment of Experienced Counsel[7]

Based on Plaintiff's counsel's knowledge of the case and applicable law, as well as their experience in numerous similar wage and hour collective actions, Plaintiff's counsel believes that

---

[6] *See also Linneman v. Vita-Mix Corp.*, 970 F. 3d 621, 636 (6th Cir. 2020) (settlements are subject to the concern that "a dollar today is worth more than a dollar in the future"); *Dewald*, 2021 U.S. Dist. LEXIS 32459 ("In light of the uncertainty surrounding Plaintiff's likelihood of success, this Court finds that this factors weights in favor of approval.").

[7] *See* footnote 5, *supra*.

the Settlement is fair and reasonable and constitutes an exceptional result for Ms. Johnson's claims. *See, Honaker*, 2021 U.S. Dist. LEXIS 220499, at *10 ("The Court gives great weight to the beliefs of experienced counsel.") (*citing Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)); *Graybill v. Petta Enters., LLC*, 2018 U.S. Dist. LEXIS 164152, *17 (S.D. Ohio Sept. 25, 2018) ("The Court gives deference to [counsel's] experienced opinion that the Settlement Agreement should be approved."). *See also*, **Ex. B**. at ¶¶ 3-4.

In this case, the Settlement proceeds are being distributed as represented in **Exhibit A** of the Settlement Agreement. The figures represented in Exhibit A were reached after Plaintiff's counsel and counsel for Defendant Mayfair independently calculated the approximate damages for each claim and came to an amount which was agreed upon by each party. This result ensures that the Net Settlement Amount is fairly calculated based on Plaintiff's and Defendant's independent calculations. As such, the proposed allocation of settlement proceeds is fair, reasonable, and adequate as it apportions funds based on each parties' independent calculation of damages. *See, Burnham v. Papa John's Paducah, LLC*, 2020 U.S. Dist. LEXIS 75220, *11 (W.D. Ky. Apr. 29, 2020) ("the proposed allocation of settlement proceeds is fair, reasonable, and adequate as it apportions funds based on the circumstances of each class member's employment by Defendant Mayfair.").

Additionally, Ms. Johnson is pleased with the settlement as evidenced by her execution of the Settlement Agreement. *See*, **Ex. A.** at p. 6. As such, this factor also favors approval of the settlement.

### 6. Reaction of Absent Class Members

This is a single plaintiff case and as such, "there are no 'absent class members.'" *Murton*, 2009 U.S. Dist. LEXIS 144222, at *17. Only Ms. Johnson is bound by the judgment of the Court on all issues in this action, including the fairness of any settlement.

### 7. Public Interest

Approval of this Settlement would promote the public interest. According to the Sixth Circuit, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Does 1-2 v. Déjà vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (internal quotes omitted).[8]

Here, as discussed above, the proposed Settlement represents a reasonable compromise over multiple factual and legal issues especially in light of possibility that Ms. Johnson's claims could lose at trial.

## IV. PLAINTIFF'S COUNSEL'S FEES AND COSTS ARE REASONABLE AND SHOULD BE APPROVED

From the gross settlement amount of $10,000.00, Plaintiff's Counsel seeks approval of $3,598.00 for in attorney's fees (36 % of the Gross Settlement Amount) and $402.00 in costs. *See,* **Ex. A.** at ¶ 2(b) and **Ex. B**. at ¶ 13.

---

[8] Thus, "[i]f a settlement agreement reflects a reasonable compromise over the issues, a court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Foster*, 2021 U.S. Dist. LEXIS 30963, at *11 (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### A. The FLSA Mandates an Award of Reasonable Attorney's Fees

#### 1. An Award of Fees Is Mandatory.

Congress included a fee-shifting provision in the FLSA that mandates an award of reasonable attorney's fees and litigation costs to a prevailing employee. *See,* 29 U.S.C. § 216(b); *see also, Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) ("The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA.").

#### 2. Fee Awards Make Competent Attorneys Available to Both Compel and Promote Compliance With the FLSA.

Federal courts have long recognized the profound importance of a plaintiff's right to recover attorney's fees under the FLSA, particularly where the victims of FLSA violations are often low-wage workers whose individual damages may not be individually significant. The Sixth Circuit in *Fegley* explained the importance of the FLSA's statutory fee provision:

> The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley v. Higgins*, 19 F. 3d 1126, 1134–43 (6th Cir. 1994) (internal quotations and citations omitted) (*cert. denied*, 513 U.S. 875 (1994)).

So integral are attorney's fees under the FLSA that the Sixth Circuit recently took the unusual step of reversing a district court's reduction of fees sought in an FLSA case and ordering judgment for the full amount of the fees sought. *See, Rembert*, 986 F.3d at 618.

      **3.**      **No Mathematical Relationship Necessarily Exists Between the Amount of Damages Recovered and the Amount of Recoverable Attorney's Fees.**

Due to their critical importance to federal policies and goals, FLSA fee awards often exceed the amount recovered by plaintiffs in lost wages (although Plaintiff's counsel seeks less than one-third here). *See, Fegley*, 19 F.3d at 1134–35 (affirming award of $40,000 in fees on $7,680 in damages).

      **4.**      **Approving Reasonableness of Attorney's Fees.**

"Courts in this district prefer using a percentage-of-the fund award in FLSA cases involving a common fund." *Neal v. Hallsons of Lebanon, Inc.*, 2022 U.S. Dist. LEXIS 42664, *2 (S.D. Ohio March 2, 2022) (Barrett, J.); *see, also Dewald*, 2021 U.S. Dist. LEXIS 32459, at *5 ("Absent compelling reasons to the contrary, this Court prefers the percentage-of-the-fund method, as it best reflects FLSA's employee-protection objective.").

In approving the reasonableness of attorney's fees, the relevant factors typically include: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009).

    **B.**    **Thirty-Six Percent of the $10,000 Gross Settlement Amount Is Reasonable for Plaintiff's Counsel's Attorney's Fees.**

The Plaintiff agreed to a one-third contingency fee. *See,* **Ex. B.** at ¶ 8. Here, Plaintiff's counsel seeks approval of $3,598.00 in attorney's fees totaling thirty-six percent (35.9%) of the gross settlement amount. This amount is more than the one-third contingency they agreed to

receive in representing the Plaintiff. The fee represents a multiplier of approximately 1.08. *See,* **Ex. B.** at ¶ 13.

Courts in this Circuit have found attorney's fees equal to 40% (or more) of the Settlement Fund are reasonable. *Salinas v. U.S. Xpress Enterprises, Inc.*, No. 113CV00245TRMSKL, 2018 WL 1477127, at *7 (E.D. Tenn. Mar. 8, 2018), adopted, 2018 WL 1475610 (E.D. Tenn. Mar. 26, 2018) (awarding 40% of the fund in an FLSA action); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *5 (N.D. Ohio Mar. 26, 2019) (recognizing that "the value of the services rendered would support the 40% contingency fee percentage" though counsel willingly reduced this to 1/3 the common fund for combined attorney's fees and advanced costs); *Brittmon v. Upreach LLC*, No. 2:17-CV-219, 2018 WL 7889855, at *1 (S.D. Ohio Nov. 8, 2018) (same); *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (awarding nearly 52 percent of the total recovery from Defendants as fees) ($235k plus costs on $455k fund); *see also, In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380-81 (S.D. Ohio 2006) ("Attorney's fees awards typically range from 20 to 50 percent of the common fund") (collecting cases); *In re Telectronics Pacing Sys., Inc.*, 137 F.Supp.2d 1029 (S.D. Ohio 2001) ("the range of reasonableness ... has been designated as between twenty to fifty percent of the common fund"); *In re S. Ohio Corr. Facility*, 173 F.R.D. 205, 217 (S.D. Ohio 1997), rev'd on other grounds, 24 Fed. Appx. 520 (6th Cir. 2001) ("[t]ypically, the percentage awarded ranges from 20 to 50 percent of the common fund").

This Court frequently approves a one-third attorney's fee as reasonable in connection with FLSA settlement. *See, Neal*, 2022 U.S. Dist. LEXIS 42664, at *2 ("An award of one-third is a normal fee in a wage and hour case") (internal quotations omitted); *Dewald*, 2021 U.S. Dist. LEXIS 32459, *16 (awarding 1/3 in fees); *Osman*, 2018 U.S. Dist. LEXIS 78222, at *6 ("One-

third of the common fund is a reasonable attorney's fees award and has been approved in similar FLSA collective actions in this judicial district") (quotations omitted); See also Swigart v. Fifth Third Bank, 2014 U.S. Dist. LEXIS 94450, at *19 (S.D. Ohio July 11, 2014) ("An award of 33% of the total settlement fund is well within the range of fees requested in class and collective actions in Ohio federal district courts.").

As discussed below, the relevant factors also amply support a thirty-six percent attorney's fee in this case.

### 1. The Value of the Benefit Rendered to the Plaintiff Class

Under the proposed Settlement, Plaintiff is entitled to a substantial recovery on her claims since she was only subject to the wage practice for approximately seven (7) months. As mentioned above, when attorney's fees/costs are *included*, Ms. Johnson is receiving a gross settlement payment of approximately $6,000.00, which *includes* attorney's fees/costs.[9] Plaintiff's counsel believes that this constitutes an exceptional result. See, Shanahan v. KeyBank, 2021 Dist. LEXIS 50516, at *14 (N.D. Ohio Mar. 16, 2021) (approving lodestar multiplier of 3.75 where counsel recovered "significant benefit" of 35% of unpaid wages). The multiplier in this case would be approximately 1.08.

### 2. The Value of the Services on an Hourly Basis

Plaintiff's counsel expended over 29.16 hours in connection with the prosecution of Plaintiff's claims. *See,* **Ex. B.** at ¶ 6. Accordingly, Plaintiff's current lodestar amounts to $10,245.50. *See, Id*.

---

[9] I In evaluating a settlement's fairness, the relevant settlement amount *includes* funds set aside for attorney's fees and costs. *Estes v. Willis & Brock Foods, Inc.*, E.D.Ky. No. 6:18-cv-00197-GFVT, 2022 U.S. Dist. LEXIS 41317 (Mar. 7, 2022) at 10-11.

Thus, Plaintiff's requested fee award of $3,598.00 is less than their actual lodestar total fairly attributable to this case. Plaintiff's counsel believes that it is fair to attribute attorney's fees which are sixty-five percent (64.8%) less than the actual than the loadstar total for work performed in connection with litigation against Defendant Mayfair. Thus, this factor favors approval. *See, Dewald*, 2021 U.S. Dist. LEXIS 32459, *18 (factor favored approval where Plaintiffs lodestar was more than the amount of fee requested). *See,* **Ex. B.** at ¶ 11.

### 3. Whether the Services Were Undertaken on a Contingent-Fee Basis

Plaintiff's counsel took this case on a pure contingency basis, which favors approving the attorney's fees sought. *See,* **Ex. B.** at ¶ 8; *Hebert*, 2019 U.S. Dist. LEXIS 160792, *5 (S.D. Ohio Sep. 20, 2019) ("counsel absorbed the risk of an unsuccessful outcome and no fee of any kind. This favors granting the attorney's fees award.").

The representation agreement between Ms. Johnson and her counsel provides for a 33% fee (plus costs) in the event Ms. Johnson is successful on her claims and for some reason Plaintiff's counsel was unable to petition for the payment of fees from Defendant Mayfair. *See, Id.* Importantly, the representation agreement further provides that Ms. Johnson bore no risk of loss if unsuccessful. Plaintiff's counsel was solely responsible for all costs and expenses in this matter with no certainty of recovery. *Id.* Thus, the contingent-fee representation agreements provide further support for fee which represents more than one-third of the recovery in this case.

### 4. Society's Stake in Rewarding Attorneys Who Produce Such Benefits to Maintain an Incentive to Others

This factor also strongly favors approval of the requested attorney's fees based on the superior result that counsel achieved for Plaintiffs. As mentioned, Plaintiff's counsel secured Plaintiff has incurred seventy-three percent (73%) of her unpaid wages and thirty-six percent (36%) what she could have received at trial if she were entirely successful and received one

hundred percent liquidated damages. *See,* **Ex. B.** at ¶ 11. Accordingly, this factor favors approval. *See, Dewald*, 2021 U.S. Dist. LEXIS 32459, *17 (this factor favors approval where "counsel was integral in helping Plaintiffs recover damages for unpaid wages.").[10]

### 5. The Complexity of Litigation

Wage-and-hour collective action cases are "inherently complex and time-consuming." *Neal*, 2022 U.S. Dist. LEXIS 42210, at *6;[11] *Dewald*, 2021 U.S. Dist. LEXIS 32459, *18 (factor favors approval where claims and defenses continue to be litigated). Absent settlement, this litigation would only be prolonged because, in particular, there would be substantial discovery and motion practice regarding *inter alia* the joint employment issue. Once again, this factor favors the requested fee.

### 6. The Professional Skill and Standing of Counsel Involved on Both Sides

Experienced counsel, specialized in wage and hour litigation, represented both Ms. Johnson and Defendant Mayfair. Plaintiff's counsel has represented hundreds of thousands of employees throughout the United States in collective and class action wage and hour litigation. *See,* **Ex. B.** at ¶¶ 3-4. As such, Plaintiff's counsel is intimately familiar with the wage and hour issues that were asserted in this lawsuit. The skill and experience of Plaintiff's counsel is further addressed in their attached Declarations. *See, Id.*.

### C. Litigation Costs

"Reimbursement of costs that are reasonable and necessary to the litigation and resolution of a case warrant approval by this Court." *Foster*, 2021 U.S. Dist. LEXIS 30963, at *5. Plaintiff's

---

[10] *See also Kritzer v. Safelite Sols., LLC*, 2012 Dist. LEXIS 74994, at *29 (S.D. Ohio May 30, 2012) ("Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own.").

[11] *See also Foster*, 2021 U.S. Dist. LEXIS 30963, at *9 (wage and hour collective actions are "by their very nature, complicated and time-consuming.").

counsel seeks a total of $402.00 in expenses that were reasonable in amount and necessary for the successful prosecution and settlement of this action. *See,* **Ex. B.** at ¶ 7.

## V. CONCLUSION

For these reasons, the Parties jointly request that the Court grant the motion to approve the settlement.

Dated: July 19, 2022                    Respectfully submitted,

/s/ Robert E. DeRose
Robert E. DeRose (0055214)
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
(614) 221-4221 (phone)
(614) 744-2300 (fax)

bderose@barkanmeizlish.com

*Attorney for Plaintiff, Leeanna Johnson*


/s/ Vincent J. Tersigni
Vincent J. Tersigni (0040222)
Lyndsay M. Ross (0099248)
**JACKSON LEWIS P.C.**
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, OH 44131
(216) 750-0404 (phone)
(216) 750-0826 (fax)
Vincent.tersigni@jacksonlewis.com
Lyndsay.ross@jacksonlewis.com

*Attorneys for Defendant,*
*Consolidated Resources Health Care Fund*
*II – Mayfair Nursing Care Center, L.P. d/b/a*
 *Mayfair Village Nursing Care Center*
4866-6042-0905, v. 1