**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Leanna Johnson,

    Plaintiff,

v.

Consolidated Resources Health
Care Fund II-Mayfair Nursing Care
Center, L.P.
d/b/a Mayfair Village Nursing
Center,

    Defendant.

Case No. 2:22-cv-354

Judge Michael H. Watson

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Leanna Johnson ("Plaintiff") sued Consolidated Resources Health Care Fund II – Mayfair Nursing Care Center, L.P. ("Defendant") for alleged unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Plaintiff alleged that Defendant violated the FLSA by failing to pay her overtime for some overtime work she performed as a Staffing Coordinator for Defendant and by failing to properly calculate the overtime for which she was paid. *Id*. Defendant denies these allegations and asserts that it properly paid Plaintiff for all hours worked. Plaintiff and Defendant engaged in mediation before a neutral mediator and settled Plaintiff's claims. The parties now move for approval of their settlement agreement. Mot. Approve, ECF No. 18.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement and Plaintiff's response to the Court's Show Cause Order, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

Every factor supports approval. There is a bona fide dispute in this case; the parties dispute whether Defendant paid Plaintiff the appropriate overtime wages and whether any violation by Defendant was willful or in good faith. There is no indication that the settlement was reached by anything other than arms'-length negotiations as part of a Court-prompted mediation. The mediation occurred after the parties engaged in discovery, which lends further support for finding the settlement fair and reasonable as Plaintiff was able to review payroll and timekeeping information to create a damages forecast that was used in the negotiations. The settlement will avoid expensive litigation for both sides, including further discovery, dispositive motions, trial, and possible appeals.

Although the parties dispute both the existence and amount of unpaid overtime, Plaintiff's counsel represents that the settlement provides Plaintiff with 73% of her unpaid wages and 36% of what she could have received upon complete success on all of her claims at trial. Mot. Approve 15, ECF No. 18. These percentages reflect Plaintiff's recovery *after* attorney's fees and costs are removed from the settlement fund. *Id.*

The recovery is reasonable, and the Court notes that Plaintiff was subjected to the allegedly violative wage practices for only about seven months.

*See* Mot. Approve 14, ECF No. 18; *Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at **3–9 (N.D. Ohio Sept. 13, 2021) (describing recovery of 42% of the alleged overtime damages as an "excellent result" in the final approval Order because it was "substantial relief"); *Vigna*, 2016 WL 7034237, at * 3 (finding a settlement that represented 55% of recovery of wages (before deduction of attorney's fees and costs) was fair and reasonable).

Moreover, the settlement awards attorney's fees and costs in the amount of $4,000.00, which is 35.9% of the total settlement amount. That is a reasonable percentage of the fund for attorney's fees and represents a significant decrease in counsel's lodestar fee. *See* Mot. Approve 15, ECF No. 18; *Croskey v. Hogan Services, Inc.*, No. 2:20-cv-3062, 2021 WL 3012278, at *2 (S.D. Ohio July 15, 2021) (finding attorney's fees in the amount of one-third of the total settlement amount are reasonable) (citing *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.")); *Bailey v. Black Tie Mgmt. Co., LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020); *Perkins v. Evolved, Inc.*, No. 2:16-cv-724, 2017 WL 2987220, at *1 (S.D. Ohio June 13, 2017); *Campbell v. Wise Medical Staffing, Inc.*, No. 2:18-cv-493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020). It is also reasonable for Plaintiff's counsel to be compensated for their out-of-pocket costs.

The parties' joint motion, ECF No. 18, is **APPROVED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**